**SANGER LAW FIRM, P.C.**
Robert M. Sanger, SBN 058214
Miguel A. Avila, SBN 319498
222 E. Carrillo Street, Suite 300
Santa Barbara, CA 93101
Tel.: (805) 962-4887
Fax: (805) 963-7311
Email: rmsteam@sangerlawfirm.com

Attorneys for Plaintiff
Clinton Cellona

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON CELLONA,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF SANTA BARBARA, DEPUTY CAMERON HOSSLI, and DOES 1 through 10 inclusive,<br><br>          Defendant. | Case No. 25-CV-1503<br><br>**COMPLAINT FOR DAMAGES FOR**:<br>1. 42 U.S.C. § 1983 – Excessive Force (Fourth and Fourteenth Amendment)<br>2. 42 U.S.C. § 1988 - Monell Claim<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This is an action for monetary damages brought under 42 U.S.C. §§ 1983 and 1988 against the County of Santa Barbara and officers of its subordinate agency, the Santa Barbara Sheriff's Department.

2. Federal jurisdiction is invoked upon the existence of federal question pursuant to 28 U.S.C. § 1331 and the District Court's original jurisdiction over matters alleging violations of civil rights pursuant to 28 U.S.C. § 1343(a)(3). Supplemental jurisdiction over the state law claims is invoked pursuant to 28

U.S.C. § 1367.

3. Venue in this district and division is proper under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e), because the events giving rise to the claims asserted herein occurred in the County of Santa Barbara, within the Central District of California.

## THE PARTIES

4. Plaintiff CLINTON CELLONA ("PLAINTIFF") is, and at all relevant times was, a citizen of the State of California residing in the County of Santa Barbara.

5. Defendant COUNTY OF SANTA BARBARA ("COUNTY") is a legal entity duly established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and the laws of the State of California. The Santa Barbara County Sheriff's Office ("SBSO") is a subordinate agency of Defendant COUNTY.

6. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant DEPUTY CAMERON HOSSLI ("HOSSLI") is an individual and, at all times mentioned herein, was a duly appointed Deputy with SBSO.

7. PLAINTIFF is ignorant of the true names and capacities of the defendants sued herein as DOES 1-10 and therefore sues these defendants by such fictitious names and will amend the complaint to allege their true names and capacities once ascertained.

8. PLAINTIFF is informed and believes, and on that basis alleges, that each defendant included each DOE defendant, was an employee of and/or agent of defendant COUNTY.

9. PLAINTIFF is informed and believes, and on that basis alleges, that each DOE defendant was negligently, wrongfully, or otherwise responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Further, one or more DOE defendants were, at all times mentioned herein, responsible for the hiring, training, supervision, and discipline of other defendants including other DOE defendants.

10. PLAINTIFF is informed and believes and, on that basis, alleges that each of the Defendants herein acted under color of law and by virtue of the statutes, customs, ordinances and usages of the State of California, and the customs policies, practices and procedures of Defendant COUNTY.

### TOLLING OF THE STATUTE OF LIMITATIONS PURSUANT TO GOVERNMENT CODE § 945.3

11. PLAINTIFF was criminally prosecuted from August 9, 2022, through February 28, 2023, in the Superior Court of California, County of Santa Barbara, for acts related to the injuries he suffered during his arrest which are at issue in this Complaint.

12. Government Code section 945.3 provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

13. Pursuant to Government Code section 945.3, PLAINTIFF'S claims were tolled from August 9, 2022, through February 28, 2023, while the criminal proceedings against him were pending and this claim is timely brought.

### GENERAL ALLEGATIONS

14. This action for excessive force involves the use of a kinetic less-lethal projectile or "beanbag" round fired from a department-issued 12-guage shotgun that was used to shoot PLAINTIFF in the head and severely injured him.

15. On information and belief, SBSO and the COUNTY have published specific policies and procedures for the application of kinetic less-lethal projectiles. SBSO

      Policy 308.5.3 specifically prohibits aiming at the head and neck area when deadly force is not reasonably justified as in the case at issue in this complaint.

16. On August 6, 2022, SBSO deputies followed PLAINTIFF who was driving on California Highway 135 to 157 Mizar Place in Lompoc, California, County of Santa Barbara. Deputies found PLAINTIFF'S vehicle outside of 157 Mizar Place, his mother's residence, but did not find PLAINTIFF. SBSO towed the vehicle away and commenced a search of the area on foot.

17. Later that evening, SBSO received a call saying that PLAINTIFF was in the backyard of 151 Mizar Place. SBSO deputies responded to that location and found PLAINTIFF.

18. PLAINTIFF was unarmed.  He did not make any threats towards SBSO deputies and did not advance towards them. Instead, PLAINTIFF jumped over the backyard fence into the adjacent backyard at 140 Alcor Avenue. SBSO deputies followed him over the fence while a K9 unit also approached from the front of the house of 140 Alcor Avenue. PLAINTIFF was effectively surrounded by law enforcement.

19. HOSSLI was standing on a planter box in the yard at 148 Alcor Avenue at the fence line where 148 and 140 Alcor met. HOSSLI aimed his department issued Remington 800 Magnum 12-guage shotgun at PLAINTIFF at a downward angle. As PLAINTIFF was climbing over the fence, HOSSLI fired a beanbag round that struck PLAINTIFF in the left temple.

20. HOSSLI walked over to PLAINTIFF who was lying on the ground in a fetal position on his right side with a hat over his head. Defendant HOSSLI removed PLAINTIFF'S hat, saw the bean bag round embedded into PLAINTIFF'S temple. PLAINTIFF was bleeding from his head and unconscious.

21. Additional deputies arrived moments later and began providing emergency medical aid. PLAINTIFF, who was semiconscious at the time, repeatedly muttered "help me" as the deputies tried rendering medical care. PLAINTIFF was

subsequently transported by airlift to Santa Barbara Cottage Hospital, approximately 60 miles away.

22. PLAINTIFF arrived at Cottage Hospital in critical condition where he received emergency surgery. Medical staff diagnosed him with (1) depressed skull fracture, left temporal; (2) multiple left temporal contusions and bone fragments in the temporal lobe; and (3) diffuse brain swelling after gunshot injury.

23. PLAINTIFF suffered permanent disfigurement as a result of HOSSLI'S assault. He has a permanent scar where he was struck by the beanbag.

24. As a direct and proximate cause of defendants' conduct, Plaintiff suffered serious harm including but not limited to open fracture of the parietal bone, cerebral edema, acute respiratory failure, brain contusion, permanent disfigurement, significant cognitive deficit, impaired memory, headaches, loss of wages and earning capacity, pain and suffering, past and future medical damages, general and special damages in an amount to be determined according to proof.

**FIRST CAUSE OF ACTION 42 U.S.C. § 1983**
**EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**AGAINST ALL DEFENDANTS**

25. PLAINTIFF re-alleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

26. Defendant HOSSLI was a peace officer with the County of Santa Barbra and was on duty, operating under color-of-law, when he responded to 151 Mizar Place and engaged PLAINTIFF.

27. Defendant HOSSLI violated PLAINTIFF'S clearly established federal

constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from excessive force and unreasonable force when he shot PLAINITFF in the head with a bean bag.

28. As a direct and proximate cause of Defendant HOSSLI'S conduct, PLAINITFF suffered serious harm including but not limited to open fracture of the parietal bone, cerebral edema, acute respiratory failure, brain contusion, permanent disfigurement, significant cognitive deficit, impaired memory, headaches, loss of wages and earning capacity, pain and suffering, past and future medical damages, general and special damages in an amount to be determined according to proof.

29. As a direct and proximate cause of Defendant HOSSLI'S conduct, PLAINTIFF is entitled to an award of reasonable attorney fees pursuant to 42 U.S.C. § 1988.

30. Defendant HOSSLI'S conduct in violating PLAINTIFF'S constitutional rights was done in a malicious, wanton, and oppressive manner entitling PLAINTIFF to an award of punitive damages.

## SECOND CAUSE OF ACTION 42 U.S.C. § 1988
## CUSTOM, POLICY, AND PRACTICE OF USING EXCESSIVE FORCE
## MONELL CLAIM
## AGAINST ALL DEFENDANTS

31. PLAINTIFF re-alleges and incorporates by this reference each and every paragraph above and each of its allegations as if fully set forth herein.

32. Defendant HOSSLI and DOES 1-10, engaged in conduct described herein in violation of 42 U.S.C. § 1983, and applied excessive and unreasonable force in violation of PLAINTIFF'S rights under the Fourth and Fourteenth Amendment to the United States Constitution.

33. Defendant COUNTY had a duty to employ and follow adequate policies and procedures to ensure that SBSO deputies were properly trained and supervised in the use of firearms when making an arrest and the proper documentation of the event.

34. Defendant COUNTY failed to protect PLAINTIFF'S constitutional rights when Defendant HOSSLI shot PLAINTIFF in the head with a department issued 12-gauge shotgun in violation of SBSO's policy and procedures.

35. On information and belief Defendant COUNTY failed to train and supervise defendant HOSSLI on the proper use of a firearm against an unarmed individual during an arrest.

36. On further information and belief, defendant HOSSLI was not reprimanded for this incident and the COUNTY ratified HOSSLI'S conduct as acceptable.

37. As a direct and proximate cause of COUNTY'S failure to train and supervise HOSSLI on the proper use and application of force with a shotgun when making an arrest, PLAINTIFF suffered serious harm including but not limited to open fracture of the parietal bone, cerebral edema, acute respiratory failure, brain contusion, permanent disfigurement, significant cognitive deficit, impaired memory, headaches, loss of wages and earning capacity, pain and suffering, past

COMPLAINT FOR DAMAGES

and future medical damages, general and special damages in an amount to be determined according to proof.

38. As a direct and proximate cause of Defendants HOSSLI, COUNTY, and DOES 1-10, PLAINTIFF is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

Wherefore, PLAINTIFF prays as follows:

1. For compensatory damages;
2. For costs of suit;
3. For reasonable attorneys' fees under 42 U.S.C. § 1988;
4. For punitive damages;
5. For any other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY

PLAINTIFF hereby demands this matter be tried before a jury.

Dated: February 21, 2025               Respectfully submitted,

**SANGER LAW FIRM, P.C.**
Robert M. Sanger
Miguel A. Avila

By: _____
Miguel A. Avila
Attorneys for Plaintiff
Clinton Cellona